Case 6:07-cv-01608-UWC   Document 10   Filed 09/28/07   Page 1 of 6



FILED
2007 Sep-28  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **KENDALL HOLIDAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **ATLAS COPCO CONSTRUCTION** ) | |
| **MINING TECHNIQUE, USA, LLC;** ) | Civil Action Number |
| **ATLAS COPOC WAGNER, INC;** ) | **6:07-cv-1608-UWC** |
| **JENNMAR CORP. AND/OR** ) | |
| **JENNMAR OF KENTUCKY, INC.** ) | |
| **AND/OR KEYSTONE MINING** ) | |
| **SERVICES, LLC; EXCEL** ) | |
| **MINING SYSTEMS, LLC;** ) | |
| **WESLEY E SHOFF; ED** ) | |
| **SARTAIN; JOE EDWARADS;** ) | |
| **BOB PICKETT; SCOTT** ) | |
| **MEADOWS; MARK STANLEY;** ) | |
| **DON HENDRICKSON; and RICH** ) | |
| **PAINTER;** ) | |
| ) | |
| Defendants   . | |

**MEMORANDUM OPINION ON MOTION TO REMAND**

Kendall Holiday ("Holiday") initially filed this lawsuit in Alabama state court against several corporate entities, as well as several individual defendants. One of the corporate defendants, Excel Mining Systems, LLC ("Excel"), removed this action from the Circuit Court of Walker County, Alabama. Holiday seeks a remand of this action. For the reasons explained herein, the Court find's that this action is due to be remanded.

Holiday's complaint arises out of a July 23, 2005 accident that occurred at Drummond Company's Shoal Creek Mine in Jefferson County Alabama. Holiday was injured when a rock fell on his right leg, which was amputated as a result of the accident. According to the Complaint, the accident was caused by faulty equipment and willful conduct by the individual defendants, who are employees of Drummond. (Compl. ¶¶ 10.)

Excel removed this action based upon diversity jurisdiction. While Holiday and all of the individual defendants are Alabama citizens, Excel contends that the individual defendants were fraudulently joined in order to defeat diversity.

As Excel points out, fraudulent joinder exists, *inter alia*, where there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted). According to Excel, there is no possibility that Plaintiff can establish a cause of action against the individual defendants under Alabama Code Section 25-5-11 because Plaintiff does not allege any facts that would constitute "willful" conduct, as required by the statute.

Alabama Code Section 25-5-11 allows an employee to bring a claim against a co-employee for an on-the-job injury of the co-employee's conduct was willful. The statute specifies four circumstances that give rise to a claim for willful conduct:

> (1) A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he or she is guilty of "willful conduct";

> (2) The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal; provided, however, that removal of a guard or device shall not be willful conduct unless the removal did, in fact, increase the danger in the use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective;
>
> (3) The intoxication of another employee of the employer if the conduct of that employee has wrongfully and proximately caused injury or death to the plaintiff or plaintiff's decedent, but no employee shall be guilty of willful conduct on account of the intoxication of another employee or another person; or
>
> (4) Willful and intentional violation of a specific written safety rule of the employer after written notice to the violating employee by another employee who, within six months after the date of receipt of the written notice, suffers injury resulting in death or permanent total disability as a proximate result of the willful and intentional violation. . . .

Ala. Code § 25-5-11(c). Excel points to several cases where Alabama courts have found that this willfulness provision requires "actual knowledge" that injury will occur or knowledge to a "substantial certainty" that injury will occur. *See Wadsworth v. Jewell*, 902 So. 2d 664, 668 (Ala. 2004); *Bean v. Craig*, 557 So. 2d 1249, 1252 (Ala. 1990); *Williams v. Price*, 564 So. 2d 408, 411 (Ala. 1990).

In the present case, Holiday asserts that the individual defendants acted willfully by placing him in a position where he was required to perform dangerous work that he was allegedly unqualified to perform. Specifically, Holiday alleges that the individual defendants:

> [w]illfully and intentionally placed an inexperienced worker who had only

>been on the job eight (8) days, in a position doing hazardous work which he
>was not qualified or properly trained to do, knowing that injury or death
>would <u>likely</u> or <u>probably</u> result from this job placement.

(Compl. ¶¶  10(e) - 10(l) (emphasis added).)

Excel points to Holiday's use of the phrase "likely or probably" in the complaint. According to Excel, this language means that Holiday is not alleging that his co-employees acted with "actual knowledge" or knowledge to a "substantial certainty" that injury would occur.

This Court does not agree. Although Plaintiff does not use the terms "actual knowledge" or "substantial certainty," he explicitly alleges that his co-employees "willfully" placed him harm's way. Because there is no heightened pleading requirement for allegations of willfulness, any failure to plead more artfully does not support a fraudulent joinder argument.

Additionally, Excel's argument fails for another reason. The cases upon which Excel relies were all decided on summary judgment, <u>after</u> discover had been completed and Plaintiff was able to obtain evidence in support of the wilfulness claim. Establishing evidence of "actual knowledge," or knowledge to a "substantial certainty" in opposition to a motion for summary judgment, is far different from simply alleging willfulness in the complaint. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R.Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination.'" *Crowe v.*

*Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).  Thus, in the present action the Court's inquiry is confined to the four corners of the complaint and whether Holiday might be able to prove his willfulness claim against the individual defendants. Inasmuch as there is a possibility that the individual defendants might have acted with "actual knowledge" or knowledge to a "substantial certainly" that Holiday would suffer harm, defendant has not met its "heavy" burden of establishing jurisdiction.  *See Crowe*, 113 F.3d 1536 at 1538 ("The burden of the removing party is a 'heavy one.'") (citation omitted).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate</u>.

*Triggs*, 154 F.3d at 1288 (emphasis in original) (citation omitted).

Excel makes one last argument; it contends that Holiday cannot pursue his claims against the individual defendants because Holiday entered into a worker's compensation settlement with his employer, Drummond Coal.  Under the terms of the agreement, Holiday settled

> any and all workers' compensation claims which the Plaintiff has or may have for any injuries sustained and/or occupational diseases contracted or developed and/or any exposures incurred while working with said employer through the date of this order, including claims under The Americans With

Disabilities Act and claims against co-employees.

(Doc. 9, Excel's Opp. To Mot. To Remand at Ex. A.)  According to Excel, the language of the settlement agreement prevents Holiday from proceeding with <u>any</u> claims against the individual defendants for injuries he sustained as a result of the accident.

Alabama case law is not so clear on this issue, however.  *See Gates Rubber Co. v. Cantrell*, 678 So. 2d 754 (Ala. 1996) (prohibiting claim under Alabama Code Section 25-5-11 against employer with whom Plaintiff had settled worker's compensation claim); *Dudley v. Mesa Indus.*, 770 So. 2d 1082 (Ala. 2000) (noting that Alabama Code Section 25-5-11 provides relief for tort actions, rather than worker's compensation actions and allowing claim by employee who had previously settled worker's compensation claims). As such, there is a chance that Plaintiff may be able to pursue his claims against the individual defendants, even in the face of the settlement agreement.

Because Holiday has a "*possibility* of stating a valid cause of action," against the individual defendants, the present Court does not have jurisdiction over this dispute and the present action is due to be remanded.  *See Triggs*, 154 F.3d at 1288 (emphasis in original).

Done this 28th day of September, 2007.

_____
U.W. Clemon
United States District Judge